**Opinion filed April 4, 2024**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-22-00313-CR, 11-22-00314-CR, 11-22-00315-CR, & 11-22-00316-CR

_____

## MANUEL SANTIAGO-NEGRON A/K/A JUAN MANUEL SANTIAGO-NEGRON A/K/A JUAN NEGRON-SANTIAGO, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR27440, CR27441, CR27487, & CR27488**

### M E M O R A N D U M   O P I N I O N

Appellant, Manuel Santiago-Negron, also known as Juan Manuel Santiago-Negron and Juan Negron-Santiago, Jr., was charged by indictment with burglary of a habitation (a first-degree felony), cruelty to a non-livestock animal (a third-degree felony), aggravated robbery (a first-degree felony), and unauthorized use of a vehicle (a state jail felony). *See* TEX. PENAL CODE ANN. §§ 29.03, 30.02 (West 2019),

§ 31.07 (West 2016), § 42.092 (West Supp. 2023). Appellant waived a jury trial, and pleaded guilty to all four offenses as alleged. The trial court found Appellant guilty, and assessed punishment at confinement for a term of forty years in the Correctional Institutions Division of the Texas Department of Criminal Justice for the burglary offense, ten years for the animal-cruelty offense, forty years for the aggravated-robbery offense, and confinement for two years for the offense of unauthorized use of a vehicle in the State Jail Division of the Texas Department of Criminal Justice. The trial court ordered the sentences to run concurrently. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2023).

At Appellant's punishment hearing before the trial court, the State called six witnesses. Appellant then testified on his own behalf, and called two additional witnesses. The trial court heard that on January 30, 2020, Appellant and two other men burglarized a seventy-three year old woman's home, stabbed her dog multiple times, and knocked her unconscious by hitting her on the head with a gun. Appellant's codefendant testified that it was Appellant's idea to break into the victim's house. He also explained that Appellant hit the victim in the head with the gun, and that Appellant stabbed the victim's dog. The State likewise presented testimony showing that Appellant was arrested for unauthorized use of a vehicle on December 21, 2019.

Appellant refuted his codefendant's claim that the burglary was his idea, and blamed his codefendant. He further testified that he only drove a stolen vehicle because a friend told him to, and that he did not know that it was stolen. Appellant's sister and mother testified that Appellant was a good person, and showed remorse, but the trial court found otherwise. Based on the evidence, the trial court denied Appellant's request for community supervision, and sentenced him to terms of imprisonment within the respective statutory ranges. *See* PENAL §§ 12.32–.35, 29.03, 30.02, 31.07, 42.092.

Appellant's court-appointed counsel has filed motions to withdraw in this Court. The motions are supported by briefs for each cause in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with copies of the briefs, copies of the motions to withdraw, an explanatory letter, copies of the clerk's records, and a copy of the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's briefs, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* briefs. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motions to withdraw, and we affirm the judgments of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

April 4, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1] We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.